I. B. MILLER CONTRACTING CORP., Appellant-Respondent, v. B. TURECAMO CONTRACTING Co., INC., et al., Respondents-Appellants, and TRIBOROUGH BRIDGE AUTHORITY, Impleaded Defendant-Respondent.

*Per Curiam.* Both plaintiff and defendants offered evidence as to the conversations and negotiations between the parties preliminary to signing the receipt of July 8, 1941, and the court properly received this evidence as bearing upon the meaning of the words "extra work" as used in the receipt. The jury was entitled to find that the items included in the second cause of action were such "extra work" and were excluded from the operation of the receipt. The verdict and judgment in plaintiff's favor must, therefore, be sustained.

Admittedly the nature of the items included in the third cause of action is the same as those included in the second cause of action, although they have been differently denominated in the two causes of action. Both sets of items rest on the claim of defendants' interference with plaintiff's work, occasioning plaintiff the extra costs for which the action is brought, and on the claim that such items were regarded by the parties as the "extra work" excluded from the

receipt. The words "extra work" as used in the receipt between plaintiff and defendants, did not necessarily mean the same as the words "extra work" as used in the main contract between defendants and the impleaded defendant. The trial court properly left the question of any distinction to the jury as to the second cause of action, and by the same token erred in ruling as to the third cause of action that the words must mean the same in the receipt and the contract. The third cause of action, like the second cause of action, should have been left to the jury.

The defendants failed to show that the impleaded defendant was responsible for the delays and interference which gave rise to the cause of action in plaintiff's favor against defendants, or that defendants could have any claim against the impleaded defendant under the contract for delays, or that defendants gave the impleaded defendant timely notice of any claims they might have as required by the contract.

The judgment insofar as it is in favor of the plaintiff and the impleaded defendant should be affirmed, with costs. Insofar as the judgment dismissed the third cause of action, it should be reversed, the action severed and a new trial granted as to said cause of action, with costs to the plaintiff to abide the event.

Townley, Glennon, Callahan and Peck, JJ., concur; Martin, P. J., dissents and votes to reverse the judgment as to the second cause of action and to affirm the judgment as to the third cause of action.

Judgment, insofar as it is in favor of the plaintiff and the impleaded defendant, affirmed, with costs. Insofar as the judgment dismissed the third cause of action it is reversed, the action severed and a new trial granted as to said cause of action, with costs to the plaintiff to abide the event. Settle order on notice.